■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWARD MALONE, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Kings County, entered April 14, 1964, which denied without a hearing his application to vacate a judgment of the former County Court, Kings County, rendered March 30, 1943, convicting him of rape in the second degree, upon a jury verdict, and imposing sentence. Order reversed, on the law, and matter remitted to the Criminal Term for a hearing on the issues presented. No findings of fact have been considered. Defendant claims that an accomplice, who testified as a witness for the People, falsely denied at the trial that he had entered into a prior arrangement with the District Attorney for leniency for himself and that the prosecutor failed to expose this perjury to the court. Absent any record or circumstances which would render his claim palpably false on its face, defendant is entitled to a hearing on this claim, despite the absence of any corroborating affidavit (cf. *People* v. *Huarneck*, 22 A D 2d 651). Beldock, P. J., Ughetta, Brennan, Hill and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH MARCHESE, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Kings County, entered January 21, 1964, which denied after a hearing his application to vacate a judgment of the former County Court, Kings County, rendered September 13, 1960, convicting him of burglary in the third degree and grand larceny in the second degree, upon a jury verdict, and imposing sentence. Motion by respondent, renewed upon argument of the appeal, to dismiss appeal granted and appeal dismissed, as moot, it appearing that defendant, having been resentenced on April 15, 1965, is no longer imprisoned by virtue of the judgment dated September 13, 1960. However, we have considered the merits of defendant's appeal from said order, dated January 21, 1964, and we would have affirmed, if the appeal were properly here. Ughetta, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FELIX RUIZ, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered June 2, 1965, convicting him of unlawful entry and petit larceny, upon a jury verdict, and imposing concurrent terms of imprisonment in the New York City Penitentiary. Judgment modified on the law and the facts by suspending execution of the unserved portion of the sentences. As so modified, judgment affirmed. In our opinion, under the circumstances of this case, execution of the unserved portion of defendant's sentences should be suspended. (*People* v. *Negron*, 23 A D 2d 886; *People* v. *Silver*, 10 A D 2d 274.) Beldock, P. J., Ughetta, Christ, Hill and Rabin, JJ., concur.